**Michael CHILDERS, Plaintiff,**

**v.**

**HIGH SOCIETY MAGAZINE, INC., and Drake Publishers, Inc., Defendants.**

**No. 82 Civ. 1905 (KTD).**

United States District Court, S.D. New York.

April 20, 1983.

Harold Wm. Suckenik, New York City, for plaintiff.

Abelman, Frayne & Rezac, New York City, for defendants; Jeffrey A. Schwab, New York City, of counsel.

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

On February 2, 1983 I granted plaintiff's motion for summary judgment against both defendants, 557 F.Supp. 978. Defendants now move for reargument of that decision. I grant defendants' motion to reargue, but reject their contentions for the reasons that follow. Familiarity with my prior opinion granting summary judgment is assumed.

▉ Defendants argue that it is unclear whether the plaintiff actually has valid copyright ownership of the photographs in question. As defendants characterize their grounds for reargument, it is in essence "that the Court in determining the Motion for Summary Judgment did not consider the defense raised by the defendants that the *common law works for hire doctrine* is

still applicable in copyright proceedings under the 1976 Copyright Act." Defendants Letter Dated March 14, 1983 at 1 (emphasis in original). The 1976 Act in large part, however, abolished the prior dual system of statutory and common law copyright protection.

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship, that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.

17 U.S.C. § 301(a). The Act contains three principal exceptions to its exclusivity:

> (1) subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression; or

> (2) any cause of action arising from undertakings commenced before January 1, 1978; or

> (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.

17 U.S.C. § 301(b). The instant case does not come within any of these three exceptions. Photographs are a subject matter protected explicitly by the Act in section 102. *See* 17 U.S.C. §§ 101 & 102(a)(5). The cause of action does not "arise from undertakings commenced before January 1, 1978"; both the photographs and the infringement occurred after that date. Finally, these photographs do not involve any activities specified in 17 U.S.C. § 106. Therefore, the parties' respective rights are governed exclusively by the Copyright Act.

The Act, as I discussed in detail in my prior opinion, establishes the validity of plaintiff's copyright. Defendants have argued at length that plaintiff's copyright is uncertain because of the "work made for hire" provisions of the Act. This argument is unpersuasive.

First, the photographs do not fall into either category of "works made for hire."[1] In such circumstances, copyright ownership is affixed in the author.[2] Second, even if the provision did apply, because plaintiff would be an independent contractor, there would have to be some writing evidencing the transfer of his copyright to his subjects. *See* 17 U.S.C. § 101. Plaintiff has stated in a sworn affidavit that there is no such writing or transfer. In the absence of defendants' putting any actual facts into issue, therefore, the granting of plaintiff's summary judgment motion was appropriate and is upheld.

SO ORDERED.

---

**1.** If a work does not fall within one of the [statute's] categories then even if it has been prepared by one person upon the special order or commission of another, it will not qualify as a 'work made for hire,' with the special legal consequences which flow from this designation.

M. Nimmer, Nimmer on Copyrights § 5.03 [B][2][a] (1982). Defendants apparently admit that plaintiff's rights are not governed by the work for hire provisions. *See* Defendants' Notice of Motion at 9–10. Rather, defendants principally argue that the common law governs herein. As I have discussed above, however, the 1976 Act's provisions are exclusive in this area.

**2.** Defendants cannot dispute that the photographer is the "author" of the photograph. Moreover, their speculation that there could be some kind of "joint" authorship has no evidentiary support. Summary judgment in such a context is appropriate. *See Exxon Corp. v. Federal Trade Commission,* 663 F.2d 120, 128 (D.C.Cir. 1980) ("It is not the intent of Rule 56 to preserve purely speculative issues of fact for trial . . . .").